## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**CYNTHIA CHRISTIANSON,**

      **Plaintiff,**

    **v.**                            **CASE NO.:**

**GLAUS, PYLE, SCHOMER, BURNS**
**& DEHAVEN, INC., D/B/A GPD GROUP,**

      **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Cynthia Christianson ("Plaintiff"), by and through undersigned counsel, brings this action against Defendant Glaus, Pyle, Schomer, Burns & DeHaven, Inc., d/b/a GPD Group ("Defendant" or "GPD"), and alleges as follows:

## JURISDICTION AND VENUE

1. This is an action for damages and equitable relief for violations of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.* ("ADA"), the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 *et seq.* ("FMLA") and the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq.* ("ERISA").

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, 42 U.S.C. § 12117, 29 U.S.C. § 2617(a)(2), and 29 U.S.C. § 1132(e)(1).

3.      Venue is proper in the Middle District of Florida under 28 U.S.C. § 1391(b) because Plaintiff worked primarily in this District, Defendant conducts substantial business here, and the unlawful employment practices occurred in this District.

## PARTIES

4.      Plaintiff is a resident of St. Petersburg, Florida, and she worked for Defendants in Pinellas County, Florida.

5.      Defendant GPD Group is a foreign corporation authorized to do business in Florida, including in Pinellas County, Florida where it employed Plaintiff and engaged in interstate commerce.

## GENERAL ALLEGATIONS

6.      At all times material, Plaintiff was an employee of Defendant, and she worked at least 1,250 hours in the 12 months preceding her request for leave under the FMLA.

7.      Plaintiff was therefore an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2611(2).

8.      At all times material, Defendant was an "employer" within the meaning of the FMLA, 29 U.S.C. § 2611(4), employing 50 or more employees within a 75-mile radius for each working day during each of 20 or more calendar workweeks in the current or preceding year.

9.    At all times material, Defendant was a covered employer within the meaning of the ADA because it employed 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

10.    Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations alleging, among other things, that Defendant discriminated against her because of her association with her husband, an individual with a disability.

11.    The EEOC issued Plaintiff a Notice of Right to Sue on May 13, 2026.

12.    Plaintiff commenced this action within 90 days following her receipt of the Notice of Right to Sue.

13.    Plaintiff has satisfied all conditions precedent to this action, or those conditions have been waived or excused.

14.    Plaintiff has retained the undersigned attorneys and agreed to pay them a fee.

15.    Plaintiff requests a jury trial on all issues so triable.

### **FACTUAL ALLEGATIONS**

16.    Plaintiff began working for Defendant on or about April 4, 2022, as an Associate Project Manager in Defendant's telecommunications engineering division.

17. Plaintiff performed engineering design, project management, drafting, site review, and quality control work.

18. Plaintiff worked remotely from Florida while reporting through Defendant's organizational structure.

19. Defendant employs hundreds of employees nationwide and maintained offices across multiple states.

20. Throughout her employment, Plaintiff performed her job duties competently and met Defendant's legitimate expectations.

21. Plaintiff was qualified for her position and able to perform its essential functions.

22. Plaintiff was never placed on a performance improvement plan or disciplined for poor performance.

23. Immediately before her termination, Plaintiff received a positive performance review and a pay increase.

24. During 2025, Plaintiff experienced several medical issues of her own that required medical treatment and absences from work.

25. Defendant was aware of Plaintiff's medical issues.

26. In December 2025, Plaintiff's husband was diagnosed with cancer.

27. Plaintiff's husband's cancer is a physical impairment that substantially limits one or more major life activities and constitutes a disability within the meaning of the ADA.

28. Plaintiff's husband's cancer also constitutes a serious health condition within the meaning of the FMLA.

29. Plaintiff informed Defendant of her husband's cancer diagnosis and the serious medical circumstances facing her family.

30. Defendant therefore knew that Plaintiff had a close relationship and association with an individual with a disability.

31. Plaintiff also informed Defendant that she had recently married and would add her husband to her employer-provided health insurance coverage.

32. Plaintiff added her husband to Defendant's employer-provided health insurance plan in December 2025.

33. At all times material, Defendant maintained and sponsored one or more employee welfare benefit plans within the meaning of ERISA, including health insurance benefits.

34. Plaintiff was a participant in Defendant's ERISA-governed health insurance plan.

35.    Defendant knew that Plaintiff's husband had been diagnosed with cancer and that his medical treatment would likely result in substantial claims against Defendant's health insurance plan.

36.    Defendant operates a self-funded health insurance arrangement under which the company pays claims based on total claims incurred rather than fixed monthly premiums.

37.    Plaintiff's husband's cancer diagnosis created circumstances in which Plaintiff reasonably anticipated that she might need to take time off from work to care for him during treatment.

38.    When Plaintiff informed Defendant of her husband's medical condition and the possibility that she might need time off, Defendant's human resources personnel informed Plaintiff that she did not qualify for FMLA leave because she worked remotely.

39.    Defendant's statement was incorrect and misleading.

40.    Defendant's statement discouraged Plaintiff from exercising or attempting to exercise her rights under the FMLA.

41.    Shortly after Plaintiff disclosed her husband's cancer diagnosis, added him to her health insurance coverage, and indicated her potential need for leave, Defendant abruptly terminated Plaintiff's employment.

42.    Plaintiff was terminated on or about January 28, 2026.

6

43. Defendant claimed Plaintiff's termination was due to a "lack of work."

44. Defendant's stated reason for terminating Plaintiff was false and pretextual.

45. The timing of Plaintiff's termination, less than two months after she disclosed her husband's cancer diagnosis, and less than one month after she added him to Defendant's health insurance plan, supports a reasonable inference that her husband's known disability was a determining factor in Defendant's decision.

46. Plaintiff's recent positive performance review and pay increase, the absence of performance discipline, Defendant's asserted "lack of work," Defendant's past practice of shifting staff during slow periods, and continued hiring in other divisions further support a reasonable inference of discriminatory intent and pretext.

47. Defendant terminated Plaintiff, at least in part, because of the anticipated expense associated with her husband's cancer treatment under Defendant's self-funded health-insurance arrangement.

48. Defendant also terminated Plaintiff to prevent her from exercising rights under the FMLA and to interfere with her continued participation in and receipt of benefits under Defendant's ERISA-governed health -insurance plan.

49.    As a direct and proximate result of Defendant's actions, Plaintiff lost her job, wages, employment benefits, and health-insurance coverage and suffered other economic and non-economic harm.

## COUNT I – FMLA INTERFERENCE

50.    Plaintiff realleges and incorporates Paragraphs 1 through 49 as though fully set forth herein.

51.    The FMLA entitles eligible employees to take leave to care for a spouse with a serious health condition.

52.    Plaintiff's husband's cancer constitutes a serious health condition under the FMLA.

53.    Plaintiff was entitled to the protections of the FMLA.

54.    Defendant interfered with Plaintiff's FMLA rights by misinforming Plaintiff that she was not eligible for FMLA leave because she worked remotely.

55.    Defendant's statements discouraged Plaintiff from exercising or attempting to exercise her rights under the FMLA.

56.    Defendant further interfered with Plaintiff's FMLA rights by terminating her employment after she disclosed circumstances that would entitle her to FMLA leave.

57.    As a direct and proximate result of Defendant's unlawful interference, Plaintiff suffered damages, including lost wages, lost employment benefits, and other losses.

**WHEREFORE**, Plaintiff demands:

(a)    A declaration that Defendant interfered with Plaintiff's rights in violation of the FMLA;

(b)    An injunction restraining Defendant from continuing to violate the FMLA;

(c)    Compensation for lost wages, benefits, and other remuneration;

(d)    Reinstatement to a position comparable to Plaintiff's prior position with back pay, interest, pension rights and all benefits, or, alternatively, monetary relief under 29 U.S.C. § 2617(a)(1)(A)(i)(II)for losses directly resulting from Defendant's violations;

(e)    Front pay;

(f)    Liquidated damages;

(g)    Prejudgment interest;

(h)    Costs and reasonable attorneys' fees; and

(i)    Such other relief as the Court deems just and equitable.

## COUNT II – FMLA RETALIATION

58.    Plaintiff realleges and incorporates Paragraphs 1 through 49 of this Complaint as though fully set forth herein.

59.    Plaintiff engaged in protected activity by notifying Defendant of her husband's serious health condition and the circumstances giving rise to potential FMLA leave.

60.    Defendant knew of Plaintiff's protected activity.

61.    Defendant terminated Plaintiff shortly after she disclosed her husband's cancer diagnosis and potential need for leave.

62.    The close temporal proximity between Plaintiff's protected activity and termination, considered with the other allegations above, supports a reasonable inference of retaliatory intent.

63.    Defendant terminated Plaintiff because of her protected activity and to prevent her from exercising her rights under the FMLA.

64.    Defendant's conduct constitutes unlawful retaliation under the FMLA.

65.    Defendant acted willfully and with reckless disregard for Plaintiff's rights under the FMLA.

66.    As a direct and proximate result of Defendant's violations, Plaintiff suffered lost wages, lost benefits, and other damages.

*WHEREFORE*, Plaintiff demands:

(a) A declaration that Defendant retaliated against Plaintiff in violation of the FMLA;

(b) An injunction restraining Defendant from continuing to violate the FMLA;

(c) Compensation for lost wages, benefits, and other remuneration;

(d) Reinstatement to a position comparable to Plaintiff's prior position, with back pay, interest, pension rights, and all benefits, or, alternatively, monetary relief under 29 U.S.C. § 2617(a)(1)(A)(i)(II) for losses directly resulting from Defendant's violations;

(e) Front pay;

(f) Liquidated damages;

(g) Prejudgment interest;

(h) Costs and reasonable attorneys' fees; and

(i) Such other relief as the Court deems just and equitable.

(j) For such further relief as this Court deems just and equitable.

### COUNT III – ERISA SECTION 510 INTERFERENCE

67. Plaintiff realleges and incorporates Paragraphs 1 through 49 as though fully set forth herein.

68. Plaintiff added her husband to her employer-provided health-insurance coverage in December 2025.

11

69. Defendant knew that Plaintiff's husband had recently been diagnosed with cancer, a condition requiring extensive and costly medical treatment.

70. Defendant knew that Plaintiff's husband's cancer treatment would likely result in substantial claims against Defendant's health-insurance plan.

71. Shortly after Plaintiff added her husband to the health-insurance plan, Defendant terminated Plaintiff's employment.

72. The temporal proximity between Plaintiff's addition of her husband to the health-insurance plan and her termination, considered with the other allegations above, supports a reasonable inference that Defendant terminated Plaintiff to avoid the anticipated financial burden of her husband's cancer treatment on Defendant's health-insurance plan.

73. Defendant's termination of Plaintiff was motivated, in whole or in part, by a specific intent to interfere with Plaintiff's attainment and continued exercise of rights under Defendant's ERISA-governed health-insurance plan.

74. Defendant's actions constitute unlawful discrimination and interference in violation of ERISA § 510, 29 U.S.C. § 1140.

75. As a direct and proximate result of Defendant's violation, Plaintiff suffered lost wages, lost health-insurance coverage during a time of critical medical need, and other economic losses.

*WHEREFORE*, Plaintiff demands judgment against Defendant and requests:

(a) A declaration that Defendant violated ERISA § 510;

(b) Appropriate equitable relief, including an injunction restraining Defendant from continuing to violate ERISA;

(c) Reinstatement to a position comparable to Plaintiff's prior position, with back pay, interest, and all benefits, or other appropriate equitable relief;

(d) Prejudgment interest;

(e) Costs and reasonable attorneys' fees under 29 U.S.C. § 1132(g); and

(f) Such other relief as the Court deems just and equitable.

## COUNT IV – ADA ASSOCIATIONAL DISABILITY DISCRIMINATION

76.    Plaintiff realleges and incorporates Paragraphs 1 through 49 as though fully set forth herein.

77.    The ADA prohibits a covered employer from excluding or otherwise denying equal jobs or benefits to a qualified individual because of the known disability of an individual with whom the qualified individual is known to have a relationship or association.

78.    Plaintiff's husband has cancer, a physical impairment that substantially limits one or more major life activities and constitutes a disability within the meaning of the ADA.

13

79.    Defendant knew that Plaintiff's husband had cancer and knew of Plaintiff's relationship and association with him.

80.    Plaintiff was qualified for her position and was performing her job competently and meeting Defendant's legitimate expectations.

81.    Defendant subjected Plaintiff to an adverse employment action by terminating her employment.

82.    Plaintiff's husband's known disability was a determining factor in Defendant's decision to terminate Plaintiff.

83.    The circumstances supporting a reasonable inference of associational disability discrimination include, without limitation:

a.  Plaintiff disclosed her husband's cancer diagnosis in December 2025;

b.  Defendant knew that Plaintiff's husband's cancer treatment would likely be extensive and costly;

c.  Plaintiff added her husband to Defendant's employer-provided health-insurance plan in December 2025;

d.  Defendant maintained a self-funded health-insurance arrangement under which it paid claims based on total claims incurred;

14

e. Defendant terminated Plaintiff less than two months after she disclosed her husband's diagnosis and less than one month after she added him to the health-insurance plan;

f. Immediately before her termination, Plaintiff received a positive performance review and pay increase;

g. Plaintiff had not been placed on a performance-improvement plan or disciplined for poor performance;

h. Defendant's asserted "lack of work" rationale was inconsistent with its practice of shifting engineers and project staff among departments during slow periods; and

i. Other divisions within Defendant's organization continued hiring and staffing engineers during the same timeframe.

84. Defendant's asserted reason for terminating Plaintiff was a pretext for unlawful associational disability discrimination.

85. Defendant intentionally discriminated against Plaintiff because of her association with her husband and the anticipated expense of his disability under Defendant's self-funded health-insurance arrangement, in violation of 42 U.S.C. § 12112(b)(4).

86. Defendant acted with malice or reckless indifference to Plaintiff's federally protected rights.

87. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff suffered lost wages, lost benefits, emotional distress, and other economic and non-economic damages.

88. ***WHEREFORE***, Plaintiff demands judgment against Defendant and requests:

(a) A declaration that Defendant discriminated against Plaintiff because of her association with an individual with a known disability, in violation of the ADA;

(b) An injunction restraining Defendant from continuing to violate the ADA;

(c) Reinstatement to a position comparable to Plaintiff's prior position, with restoration of seniority and benefits;

(d) Back pay, front pay, lost benefits, and prejudgment interest;

(e) Compensatory damages, including damages for emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life;

(f) Punitive damages to the extent permitted by law;

(g) Costs and reasonable attorneys' fees under 42 U.S.C. § 12205; and

(h) Such other legal and equitable relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury on all issues so triable.

Dated August 11, 2026.

Respectfully submitted,


*/s/Ashwin R. Trehan*
**ASHWIN R. TREHAN**
Florida Bar No.: 42675
**CANTRELL SCHUETTE, P.A.**
3350 Buschwood Park Drive
Suite 195
Tampa, FL 33618
Phone No.: (813) 519-0791
Email: atrehan@lawcantrell.com
Email: ergservice@lawcantrell.com
**Attorneys for Plaintiff**

17